

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Conrad J. Landrem
Assistant District Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-4240
Re: Liability of claimant
for unemployment compensation taxes, for
court costs.

We have your request for an opinion of this department as to whether an individual appealing from the decision of the Unemployment Compensation Commission and losing his appeal in the courts is liable for the court costs incurred.

The facts recited in the letter of Mr. Leon C. Levy attached to your request advise us that one Earl Heaton Haines filed an appeal to the justice court from the disallowance of his claim for unemployment compensation benefits. The justice court reversed the Commission and allowed the benefits sought by the claimant; subsequently an appeal was taken from that judgment to the county court. The county court reversed the judgment of the justice court, thus refusing the claimant's appeal for benefits.

Mr. Levy, attorney for Mr. Haines, has now been presented with a cost bill in the amount of $10.95 as accrued costs in the court's action brought by Mr. Haines.

There are no cases upon this subject, however, we think this matter is clearly settled by the pertinent statutes. Article 5221b, Section 4 (i), Vernon's Revised Civil Statutes, reads, in part, as follows:

"(1) <u>Court Review</u>: Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure

judicial review thereof by commencing an action
in any court of competent jurisdiction in the
county of claimant's residence against the Com-
mission for the review of its decision, in which
action any other party to the proceeding before
the Commission shall be made a defendant. . . ."

Section 13 (b) reads:

"(b) Limitation of Fees: No individual
claiming benefits shall be charged fees of any
kind in any proceeding under this Act by the Com-
mission or its representatives or by any court
or any officer thereof. Any individual claiming
benefits in any proceeding before the Commission
or a court may be represented by counsel or other
duly authorized agent; but no such counsel or
agents shall either charge or receive for such
services more than an amount approved by the Com-
mission. Any person who violates any provision
of this subsection shall for each offense, be
fined not less than Fifty ($50.00) Dollars, nor
more than Five Hundred ($500.00) Dollars, or im-
prisoned for not more than six (6) months, or
both."

The purpose of the Unemployment Compensation Act is
to aid the justifiably unemployed persons of this State and for
that reason they enacted the Texas Unemployment Compensation
Law as provided in Article 5221b, R. C. S. Realizing that per-
sons resorting to the fund provided by this Act for assistance
during their time of unemployment might not be able to make a
court deposit or to provide the necessary money to file an ap-
peal from the decision of the court if such an appeal is nec-
essary the Legislature wrote into the Act as detailed in Section
13 (b), supra, that no individual claiming benefits under the
Act shall be charged fees of any kind in any proceeding held
by the Commission or its representatives or by any court or
any officer thereof. We think that statute too clear to de-
mand construction. We cannot see any meaning, but that the
Legislature intended and said that the court should not charge
any individual any deposit or fee for an appeal to the court
for the recovery of the benefits provided under this Act.

Surely, the Legislature could not have intended that
a lawyer accepting the representation of an individual desiring

Mr. Conrad J. Landram, page 3

to appeal from the order of the Commission to the courts of this State should be required to provide the court costs incurred in such a proceeding. The Legislature went so far as to limit the fees that an attorney could charge the client for the handling of this type of action.

You are therefore advised that there is no right in the court to assess and collect court costs from a claimant in a proceeding by the claimant for judicial review of the decision of the Commission.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)　　　Morris Hodges
　　　　　　　　　Assistant

MH:db

APPROVED DEC. 11, 1941
(s)　Grover Sellers
First Assistant Attorney General

APPROVED
Opinion Committee
By B.W.B.　Chairman